**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **WYNDHAM PROPERTIES II, LTD.** § | |
| *Plaintiff,* § | |
| v. § | **CIVIL CAUSE NO. 4:23-CV-00782-P** |
| § | |
| **BUCA TEXAS RESTAURANTS, L.P.** § | |
| *Defendants.* § | |

**PLAINTIFF WYNDHAM PROPERTIES II, LTD.'S SECOND AMENDED COMPLAINT FOR EVICTION AGAINST DEFENDANT BUCA TEXAS RESTAURANTS, L.P.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Wyndham Properties II, Ltd. ("**Plaintiff**"), and files this, *Plaintiff Wyndham Properties II, Ltd.'s Second Amended Complaint for Eviction Against Defendant Buca Texas Restaurants, L.P.* In support of the Complaint, Plaintiff would respectfully show:

## 1 | PARTIES

1.1   Plaintiff Wyndham Properties II, Ltd. ("**Wyndham**") is a Texas Limited Partnership that maintains its principal place of business in Tarrant County, Texas. Plaintiff's partners are citizens of Texas.

1.2   Defendant Buca Texas Restaurants, LP ("**Buca**" or "**Defendant**"), is a Texas limited partnership. Defendant's partners are Minnesota entities with their principal place of business in Florida. Defendant Buca removed this case from the Justice Court, Precinct 3 of Tarrant County, Texas, based on diversity jurisdiction and has already appeared before the Court.

## 2 | JURISDICTION

2.1   This is a forcible detainer lawsuit that Defendant removed from the Justice Court, Precinct 3 of Tarrant County, Texas, based on diversity jurisdiction.

PLAINTIFF WYNDHAM PROPERTIES II, LTD.'S SECOND AMENDED COMPLAINT FOR EVICTION AGAINST DEFENDANT BUCA TEXAS RESTAURANTS, L.P

-1-

3 | BACKGROUND FACTS

3.1     Plaintiff Wyndham owns the real property located at 2701 E. State Hwy 114, Southlake, TX 76092, as more particularly described on the attached Exhibit "A" (the "**Premises**"). Plaintiff and Defendant Buca entered into a Net Lease agreement dated January 7, 2002 (the "**Lease**"), by which Buca leased the Premises for the purpose of operating a chain restaurant known as "Buca di Beppo." The initial Lease term was for a period of fifteen years, with options to extend.

3.2     In 2016, Buca defaulted on its rental obligations and Wyndham terminated the Lease. The parties thereafter amended and reinstated the Lease. By 2018, Buca had defaulted again, causing Wyndham to terminate the Lease yet again. The parties then amended and re-stated the Lease a second time. Buca's compliance with its Lease obligations did not improve and, in 2019, Buca defaulted a third time, after which Wyndham again terminated the Lease. The parties then amended and restated the Lease a third time.

3.3     The third Lease amendment requires Buca to make tax payments for the Premises directly to the Tarrant County Tax assessor on or before January 31 of each year. The Lease provides a 10 day cure period in the event that Buca fails to make its tax payments on time. If Buca fails to cure any tax default within the 10 day cure period, Wyndham has the right to terminate the Lease, effective 90 days after Wyndham provides Buca with notice of termination (if Buca does not vacate sooner).

3.4     Buca failed to pay any portion of its 2022 tax obligation prior to the January 31, 2023, deadline. Accordingly, on March 14, 2023, Wyndham notified Buca that it was in violation of the Lease and demanded that Buca pay the 2022 real property taxes and provide evidence of payment within ten days of the notice. Despite receiving notice of the tax delinquency and an opportunity to cure, Buca did not pay the required taxes before the deadline (March 24, 2023). Accordingly, on

PLAINTIFF WYNDHAM PROPERTIES II, LTD.'S SECOND AMENDED COMPLAINT FOR EVICTION AGAINST DEFENDANT BUCA TEXAS RESTAURANTS, L.P

-2-

March 29, 2023, Wyndham sent Buca a letter terminating the Lease and demanding possession of the Premises on or before the expiration of 90 days. When the 90 day period expired on June 27, 2023, Buca still maintained possession of the Premises. Accordingly, on June 28, 2023, Wyndham delivered a *Notice to Vacate* informing Buca that if it did not relinquish possession of the Premises, Wyndham would initiate eviction proceedings. Wyndham hand-delivered the *Notice to Vacate* to the Premises and personally served the manager on duty. Additionally, on the same day, Wyndham hand-delivered a copy of the *Notice to Vacate* to Defendant's General Counsel at the notice address identified in the Lease, and served a second copy on Defendant's General Counsel via FedEx. As of the date of this Complaint, Buca continues to occupy the Premises.

3.5    Defendant Buca has no present right to possess the Premises and is holding same against Wyndham's lawful written demand for possession.

## 4 | SUIT FOR POSSESSION

4.1    Defendant's failure to timely pay the required property taxes coupled with its failure to timely cure its ongoing default after receiving notice of delinquency and an opportunity to cure constitutes a breach of the Lease which entitles Plaintiff to terminate the Lease and re-take possession of the Premises. Although Plaintiff has properly terminated the Lease and demanded possession of the Premises, Defendant has failed and refused and continues to fail and refuse to surrender possession.

4.2    Defendant's act of holding over after the termination of Defendant's right of possession constitutes a breach of the Lease and a forcible detainer under TEX. PROP. CODE § 24.002, for which Plaintiff requests a judgment establishing Plaintiff's right to possess the Premises and ordering Defendant to immediately vacate the Premises.

PLAINTIFF WYNDHAM PROPERTIES II, LTD.'S SECOND AMENDED COMPLAINT FOR EVICTION AGAINST DEFENDANT BUCA TEXAS RESTAURANTS, L.P

-3-

## 5 | CONDITIONS PRECEDENT

5.1    Pursuant to Rule 9(c) of the Federal Rules of Civil Procedure, all conditions precedent to Plaintiff's institution of this action have been performed or have occurred.

## 6 | REQUESTED RELIEF

6.1    Based on the foregoing, Plaintiff Wyndham requests a judgment for possession of the Premises, plus reasonable attorney's fees and costs as provided by the Lease agreement.

## 7 | PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that Plaintiff have a judgment for possession of the Premises, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

SULLIVAN & COOK, LLC

*/s/Adam Barela*
Jeff Cook
State Bar No.: 04734495
jcook@sullivancook.com
ATTORNEY IN CHARGE
Adam Barela
abarela@sullivancook.com
State Bar No. 24027138
William Cook
State Bar No.: 24125182
wcook@sullivancook.com
600 E. Las Colinas Blvd., Suite 1300
Irving, Texas 75039
Telephone:    (214) 520-7494
Facsimile:    (214) 528-6925

ATTORNEYS FOR PLAINTIFF

-5-

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

  I hereby certify that, on August 15, 2023, a copy of the foregoing document was served on the following persons via ECF:

Rusty J. O'Kane
Stafford Brantley
Wick Phillips
3131 McKinney Ave., Suite 500
Dallas, Texas 75204

                       */s/ Adam Barela*

P<small>LAINTIFF</small> W<small>YNDHAM</small> P<small>ROPERTIES</small> II, L<small>TD</small>.'<small>S</small> S<small>ECOND</small> A<small>MENDED</small> C<small>OMPLAINT FOR</small> E<small>VICTION</small> A<small>GAINST</small> D<small>EFENDANT</small> B<small>UCA</small> T<small>EXAS</small> R<small>ESTAURANTS</small>, L.P

-5-

## EXHIBIT A

### Property Description

Being a tract or parcel of land situated in the S. Freeman Survey, Abstract No. 525 in the City of Southlake, Tarrant County, Texas, and being a portion of that property conveyed to Wyndham Properties, Ltd. by deed recorded in Volume 15413, Page 151, Deed Records, Tarrant County, Texas, and being a portion of that property conveyed to Wyndham Properties, Ltd. by deed recorded in Volume 14632, Page 399, Deed Records, Tarrant County, Texas, and being more particularly described as follows:

COMMENCING at a ½" iron rod with yellow plastic cap stamped "RLG" set for corner at the intersection of the easterly right-of-way line of North Nolan Drive (70' right-of-way) and the southerly right-of-way line of State Highway No. 114 (variable width right-of-way);

THENCE South 00 degrees 20 minutes 14 seconds East along the easterly line of said North Nolen Drive a distance of 220.00 feet to a point for corner;

THENCE North 89 degrees 39 minutes 46 seconds East a distance of 143.00 feet to a ½" iron rod with yellow plastic cap stamped "RLG" set for corner, said rod being the POINT OF BEGINNING;

THENCE North 00 degrees 20 minutes 14 seconds West a distance of 121.41 feet to a ½" iron rod with plastic yellow cap stamped "RLG" set for corner;

THENCE South 82 degrees 13 minutes 40 seconds East a distance of 96.19 feet to a ½" iron rod with plastic yellow cap stamped "RLG" set for corner;

THENCE South 00 degrees 20 minutes 14 seconds East a distance of 108.41 feet to a ½" iron rod with plastic yellow cap stamped "RLG" set for corner;

THENCE North 89 degrees 59 minutes 57 seconds West a distance of 95.23 feet to the POINT OF BEGINNING, containing 10,943 square feet or 0.2512 acres.

EXHIBIT A